5

FILED

FEB - 9 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                          Case No. 10-19719-A-7

ROBERT A. PUTNAM

        Debtor.
_____/        Adv. No. 10-1261 ✓

KELLIE M. McFADDEN

      Plaintiff,
    vs.

ROBERT A. PUTNAM

      Defendant.
_____/

STEVEN J. McFADDEN                             Adv. No. 10-1276

      Plaintiff

    vs.

ROBERT A. PUTNAM

      Defendant
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW

REGARDING MOTIONS TO DISMISS COMPLAINT

A hearing was held February 4, 2011, on motions to dismiss in each of these two

adversary proceedings.  Following the hearing, the court took both matters under submission.  As

both adversary proceedings concern a single set of facts, the court is issuing a single Findings of

Fact and Conclusions of Law.

    This memorandum contains findings of fact and conclusions of law required by Federal

1

29

1  Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.  This is a core

2  proceeding as defined in 28 U.S.C. §157(b)(2)(I).

3  **Factual Background**

4  　　　Robert A. Putnam filed his chapter 7 case on August 24, 2010.  The last day for

5  complaints to determine dischargeability to be filed was November 30, 2010.  On November 2,

6  2010, plaintiff Kellie McFadden filed Adversary Proceeding 10-1261.  On November 18, 2010,

7  plaintiff Steven McFadden filed Adversary Proceeding 10-1276.    Steven McFadden is the

8  father of Kellie McFadden.

9  　　　Both complaints assert that obligations of the debtor to the respective plaintiffs are

10  nondischargeable under Bankruptcy Code § 523.  Kellie McFadden states that she contends that

11  the debts of the debtor to her are "Domestic Support Obligations and as such are

12  nondischargeable under Code § 523."  Steven McFadden asserts that the obligation to him is

13  nondischargeable because "it is in the nature [of] a domestic support obligation and/or a

14  community property obligation negotiated for and agreed via a valid Judgment of Dissolution

15  and thus said debt is not dischargeable."

16  　　　Attached to each complaint is a copy of a Judgment of Dissolution filed May 6, 2010,

17  from the Tulare County Superior Court.  To that Judgment is attached a Stipulation for Judgment

18  to be Taken (the "Marital Settlement Agreement").  Additionally attached is a Judgment entered

19  May 6, 2010, covering additional issues.

20  　　　Debtor Robert Putnam does not dispute the two Judgments and their attachments that are

21  attached to the respective complaints.  Rather, Putnam asserts that the obligations described in

22  those attachments and Judgments are dischargeable.

23  　　　Kellie McFadden asserts that an obligation of Robert Putnam to her to make payments on

24  a Denali vehicle is nondischargeable.  She also asserts that the obligation of Putnam to pay her

25  attorney's fees incurred in the dissolution case in the amount of $10,000 is nondischargeable.

26  $3,500 of that amount has been paid, and she asserts that the remaining $6,500 is

27  nondischargeable. Kellie McFadden also alleges that pursuant to the Judgments and the Marital

28  Settlement Agreement, Robert Putnam was to pay $2,200 directly to an auto dealership to assist

2

1   her in buying a car once the lease on the Denali expired.  She asserts that this obligation is

2   nondischargeable.

3          In the Memorandum of Points and Authorities in support of Putnam's motion to dismiss

4   Kellie McFadden's complaint, he asserts that the obligations to Kellie McFadden are not

5   domestic support obligations and thus are dischargeable under § 523(a)(5).  He does not,

6   however, address whether those obligations may be nondischargeable under § 523(a)(15).

7          Steven McFadden asserts that the Marital Settlement Agreement includes Robert Putnam

8   taking as his separate debt repayment of the loan from Steven McFadden in the sum of $15,000.

9          In the Memorandum of Points and Authorities in support of Putnam's motion to dismiss

10  Steven McFadden's complaint, he again asserts that the obligation is not in the nature of support.

11  A brief paragraph discusses whether the obligation is nondischargeable under § 523(a)(15).

12         Steven McFadden is not a proper party plaintiff in this adversary proceeding.  Section

13  523(a)(5) makes nondischargeable domestic support obligations.  The phrase "domestic support

14  obligation" is defined at Bankruptcy Code § 101(14A).   That section reads as follows:

15     "The term 'domestic support obligation' means a debt that accrues before, on, or after the
       date of the order for relief in a case under this title, including interest that accrues on that
16     debt as provided under applicable nonbankruptcy law notwithstanding any other
       provision of this title, that is -
17             (A) owed to or recoverable by -
                       (I) a spouse, former spouse, or child of the debtor or such child's parent,
18     legal guardian, or responsible relative; or
                       (ii) a governmental unit;
19             (B) in the nature of alimony, maintenance, or support (including assistance
       provided by a governmental unit) of such spouse, former spouse, or child of the debtor of
20     such child's parent, without regard to whether such debt is expressly so designated;
               © established or subject to establishment before, on, or after the date of the order
21     for relief in a case under this title, by reason of applicable provisions of -
                       (I) a separation agreement, divorce decree, or property settlement
22     agreement;
                       (ii) an order of a court of record; or
23                     (iii) a determination made in accordance with applicable nonbankruptcy
       law by a governmental unit; and
24             (D) not assigned to a nongovernmental entity, unless that obligation is assigned
       voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal
25     guardian, or responsible relative for the purpose of collecting the debt."

26  Bankruptcy Code § 523(a)(15) makes nondischargeable obligations

27     "to a spouse, former spouse, or child of the debtor and not of the kind described in
       paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in
28     connection with a separation agreement, divorce decree or other order of a court of

3

1    record, or a determination made in accordance with State or territorial law by a
2    governmental unit;"

3    To be nondischargeable under either § 523(a)(5) or § 523(a)(15), the obligation in

4    question must be payable to or recoverable by a spouse, former spouse, or child of the debtor.

5    There is, however, no requirement that the obligation be payable <u>directly</u> to the former spouse.

6    <u>In re Montgomery</u>, 310 B.R. 169 (Bankr. C. D. Ca. 2004). This memorandum will come back to

7    the "direct pay" issue shortly. However,

8    "Notwithstanding § 523(a)(15)'s broad application to all non-support debt incurred in a
     divorce or separation, a person who is not a spouse, former spouse, or dependent of the
9    debtor lacks standing to sue for nondischargeability under § 523(a)(15)."

10   <u>Id.</u> at 178, fn. 7 (citations omitted).

11   Therefore, Steven McFadden has no standing to maintain a complaint for

12   nondischargeability under § 523(a)(5) because there is no domestic support obligation owed

13   directly to him. He also lacks standing under § 523(a)(15).

14   Kellie McFadden may maintain a complaint under both § 523(a)(5) and § 523(a)(15). Of

15   course, since October 17, 2005, both domestic support obligations and other obligations incurred

16   in the course of a divorce or separation are nondischargeable. That is, the affected spouse does

17   not have to take any action for the debt to be determined to be nondischargeable. If the debt

18   meets the requirement, it simply is nondischargeable.

19   Here, the parties all agree that the debts in question were incurred in connection with a

20   marital dissolution and that the debts in question are set forth in the Property Settlement

21   Agreements attached to the Judgments of Marital Dissolution. Kellie McFadden did not frame

22   her complaint artfully. She asserted a claim under § 523. She did not specify whether her

23   complaint was under § 523(a)(5) or § 523(a)(15) or both. Kellie McFadden has asked the court

24   for permission to amend her complaint. She filed that request at a time when she could amend as

25   a matter of course. No amended complaint was ever filed.

26   Based on this decision, Kellie McFadden is given leave to amend her complaint to specify

27   whether she seeks relief under § 523(a)(5), § 523(a)(15), or both.

28   The mere fact that some of the obligations assumed by debtor in the Marital Settlement

4

1   Agreements are payable to third parties rather than his former spouse, Kellie McFadden, does not

2   mean that they are dischargeable. In re Montgomery, supra, at 176. The Montgomery case

3   describes that § 523(a)(15) encompasses any debt that is not in the nature of alimony or child

4   support that is incurred in the course of a divorce or separation. This includes third party debt.

5   For a debt to qualify for treatment under § 523(a)(15), the critical issues are the nature of the

6   debt, not the payee, and whether under state law the debt was incurred in the course of a divorce

7   or separation. Id. at 177. For instance, courts have held that a debtor's obligation to assume

8   liability for joint debts to a third party is nondischargeable. Courts have also held that a debtor's

9   obligation on joint credit cards that was assumed under a Marital Settlement Agreement is

10  nondischargeable. There is, thus, no requirement that for a debt to be exempted from discharge

11  under § 523(a)(15) or § 523(a)(5), it be payable directly to the spouse or former spouse. Id.

12          Additionally, "there is no hidden requirement in § 523(a)(15) that the divorce decree or

13  separation agreement giving rise to the debt at issue contain a 'hold harmless' or other

14  indemnification provision." Id. at 180 (citations omitted).

15          For the foregoing reasons, the motion to dismiss adversary proceeding 10-1276, Steven

16  McFadden v. Robert Putnam, will be granted without leave to amend.   The motion to dismiss

17  adversary proceeding 10-1261, Kellie McFadden v. Robert Putnam, is granted, with leave to

18  amend.

19          Separate orders will issue.

20  DATED:    2/5/11

21                                         _____

22                                         WHITNEY RIMEL, Judge
                                           United States Bankruptcy Court

23

24

25

26

27

28